**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MICHAEL JONES SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11578** |
| **PINNACLE ENTERTAINMENT, INC.** | **SECTION "B"(1)** |

## ORDER AND REASONS

Plaintiff filed a motion to remand, alleging the above-captioned case was not effectively removed and the amount in controversy does not meet the jurisdictional threshold. Rec. Doc. 9. Defendant timely filed a response in opposition. Rec. Doc. 10. For the reasons discussed below,

**IT IS ORDERED** that the motion to remand is **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case involves an alleged slip and fall occurring on December 29, 2018 while plaintiff Michael Jones, Sr. was a guest at a property owned by defendant Pinnacle Entertainment, Inc. d/b/a Boomtown Belle Casino Westbank ("Boomtown"). Rec. Doc. 1-2 at 4. On June 7, 2019, plaintiff filed a petition for damages in the 24th Judicial District Court for the Parish of Jefferson alleging that he was walking through the main entrance of defendant's property when he slipped and fell due to rainwater on the floor. Id. Plaintiff avers that he suffered "serious injuries to his brain

and/or head, neck, left shoulder and/or arm, and back." Id. Plaintiff seeks damages for past, present, and future physical pain and suffering, emotional and mental anguish, medical expenses and pharmaceutical bills, loss of enjoyment of life, and disability, along with all other damages to be proven at trial. Id. at 6.

On July 8, 2019, defendant timely filed a notice of removal asserting complete diversity between the parties as plaintiff is a resident of Louisiana while defendant is a Delaware corporation with its principle place of business in Nevada. Rec. Doc. 1 at 1-2. Defendant alleged in its removal notice that the amount in controversy exceeds the federal jurisdictional threshold because plaintiff claims to have suffered bodily injuries, including pain and suffering, emotional and mental anguish, medical and pharmaceutical expenses, loss of enjoyment of life, and disability that are ongoing and will continue for an indefinite time period into the future. Id.

On August 8, 2019 plaintiff filed the instant motion to remand. Rec. Doc. 9.

**LAW, ANALYSIS, AND FINDINGS**

District courts have original jurisdiction, called diversity jurisdiction, over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different

2

states. 28 U.S.C. §1332(a). If a civil action over which the district courts of the United States have original jurisdiction is brought in a state court, it "may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants must file a notice of removal in federal court within thirty (30) days after receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C.A. § 1446(d). The removing party bears the burden of showing that removal was proper, and any ambiguities are to be strictly construed in favor of remand. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002).

    A. <u>Notice of removal</u>

The notice of removal was filed electronically with the state court on August 23, 2019, after an allegedly unsuccessful initial attempt to do so by mail on July 23, 2019. The defect in removal procedure appears to have been cured, at the latest, a month and a half after the notice of removal was filed in federal court on July 8, 2019. "Defects in removal procedure are not normally

3

grounds for remand and may be cured." *Carr v. Capital One, N.A.*, 460 F. App'x 461, 468 (5th Cir. 2012) (citing *In re Allstate Ins. Co.*, 8 F.3d 219, 221 n. 4 (5th Cir.1993)). Defendant avers no action was taken in state court during the intervening period, and plaintiff does not indicate otherwise in his motion. Plaintiff has not been prejudiced by the delay in filing a copy of the removal notice with the state court, and the since-cured procedural defect does not warrant remand.

B. Amount-in-controversy

"When a complaint alleges an unspecified amount of damages, the party invoking diversity jurisdiction must show by a preponderance of the evidence that the amount-in-controversy requirement is met." *See Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). "We ask whether it is facially apparent from the complaint that the claims exceed the jurisdictional amount, and if it is not, the court may rely on summary judgment-type evidence to ascertain the amount in controversy." *Id*. (internal quotation marks omitted).

In this case, defendant does not provide summary judgment type evidence, so the Court considers only whether it is facially apparent from the petition that plaintiff's claims are likely to exceed $75,000. Plaintiff alleges "serious injuries to his brain and/or head, neck, left shoulder and/or arm, and back." Rec. Doc.

1-2 at 4. In damages, plaintiff seeks past, present, and future: physical pain and suffering, emotional and mental anguish, medical expenses and pharmaceutical bills, loss of enjoyment of life, and disability. Rec. Doc. 1-2 at 6.

In *Luckett v. Delta Airlines, Inc.*, the Fifth Circuit found it was facially apparent damages exceeded $75,000 where the alleged damages included "property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and [] temporary inability to do housework after hospitalization." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Similarly, in *Gebbia v. Wal-Mart Stores, Inc.*, the Fifth Circuit held that it was facially apparent the plaintiff's claim exceeded $75,000 where plaintiff alleged injuries to her "right wrist, left knee and patella, and upper and lower back" and damages including "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Conversely, in *Simon v. Wal-Mart,* the Fifth Circuit held the jurisdictional threshold was not met where the plaintiff alleged "bodily injuries and damages including but not limited to a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions and other injuries . . ." *See Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 851 (5th Cir.

5

1999). The Fifth Circuit distinguished the case from *Luckett*, noting the plaintiff's complaint in *Simon* was not specific, alleged damages from less severe physical injuries and did not allege emotional distress, disability, impairments, or other claims that would have supported a larger monetary basis for federal jurisdiction. *Id.*

The present case falls closer to *Luckett* and *Gebbia* than *Simon.* Analogous to the plaintiff in *Gebbia,* plaintiff here alleges "serious injuries to his brain and/or head, neck, left shoulder and/or arm, and back." Rec. Doc. 1-2 at 4. Furthermore, the damages sought here are similar to those in *Gebbia,* except plaintiff here does not seek damages for lost wages and earning capacity and alleges disability rather than permanent disability. Although the present case is not identical to *Gebbia,* the Court follows the Fifth Circuit's guidance in *Simon* in finding that plaintiff's allegation of severe physical injuries, emotional distress, medical expenses, disability, and loss of enjoyment supports a larger monetary basis for federal jurisdiction. Therefore, on its face plaintiff's petition supports damages exceeding $75,000. Curiously, plaintiff's petition for damages did not plead under Louisiana Code of Civil Procedure Article 893(A) that his damage claims are less than the threshold amount for federal

removal jurisdiction.

New Orleans, Louisiana this 8th day of November, 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE