UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL JONES SR.**                              **CIVIL ACTION**

**VERSUS**                                         **NO. 19-11578**

**PINNACLE ENTERTAINMENT INC.**                    **SECTION "B"(1)**

**ORDER**

Before the Court is defendants Pinnacle Entertainment, Inc. and Louisiana-1 Gaming's Motion for Summary Judgment. Rec. Doc. 25. Plaintiff Michael Jones, Sr. timely filed an opposition. Rec. Doc. 27. Defendants sought and were granted leave to file its supplemental reply memorandum in support of its motion for summary judgment. Rec. Doc. 32.

For the reasons discussed below,

**IT IS ORDERED** that defendants' Motion for Summary Judgment (Rec. Doc. 25) is **GRANTED**.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 29, 2018 while escaping from rainy weather, plaintiff entered a side entrance of Boomtown Casino in Harvey, Louisiana. At that time, plaintiff was a guest of an adjoining hotel to the casino. Upon entering the casino, he stepped across the floor mats and onto the non-carpeted section of the floor, where he slipped on an unidentified substance and nearly fell backwards. Plaintiff was able to regain his balance before falling to the floor but alleges that the "sudden unexpected movement"

1

caused injuries to his brain, cervical, thoracic, lumbar spine, and left shoulder/arm. Rec. Doc. 27 at 1.

On June 7, 2019, a petition for damages was filed in the 24th Judicial District Court for the Parish of Jefferson, alleging that the substance on the floor was rainwater that was unattended to by casino staff. Rec. Doc. 1-2 at 4. On July 8, 2019, the defendant timely filed a notice of removal, asserting complete diversity between the parties and an amount in controversy in excess of the federal jurisdictional threshold. Rec. Doc. 1 at 1-2. A subsequent motion to remand was denied after finding complete diversity and potential damages in excess of $75,000. *See* Rec. Doc. 11. On May 21, 2020, defendants filed the instant motion for summary judgment, alleging immunity from liability as a member of a limited liability company and that there is an absence of factual support that defendants created the conditions that caused the fall or had notice of the causative conditions. Rec. Doc. 25. On June 1, 2020, plaintiff alleged in opposition that Pinnacle Entertainment, Inc.'s breach of duty invalidates any potential immunity and genuine issues of material fact exist on causation issues. Rec. Doc. 27 at 6. On June 23, 2020, defendants sought and were granted leave to file a supplemental memorandum in support of its motion for summary judgment. Rec. Doc. 29. In their reply, defendants contend that plaintiff failed to provide evidence to support claims

of veil piercing activity or that the *res ispa loquitur* doctrine should apply. Rec. Doc. 32.

## II. LAW AND ANALYSIS

### a. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As such, the court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixon Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the

movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

    b. **<u>Limitation on Liability of Limited Liability Company Member</u>**

As the sole member of Pinnacle MLS, LLC defendant Pinnacle Entertainment purports that it is not a proper party to the suit in view of the statutory limitation in liability against such members. Rec. Doc. 25-2 at 5. Generally, members of a limited liability company are not liable for the obligations of the company as set forth, in part, in Louisiana Revised Statute 12:1320:

> B. Except as otherwise specifically set forth in this Chapter, no member, manager, employee or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.
>
> C. A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company.

4

> D. Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him.

La. R.S. 12:1320.

In sum, a member of a limited liability company is not ordinarily a proper party to a lawsuit involving the company unless that member breached its professional duty or otherwise acted negligently to the detriment of the injured person. *Id.* The Louisiana Supreme Court reaffirmed this legal principle by stating, "A limited liability company is a business entity separate from its members and its members' liability is governed solely and exclusively by the law of limited liability company." *Ogea v. Merritt*, 13-1085 (La. 12/10/13), 130 So.3d 888. Accordingly, "the fact that a person is the managing member of a limited liability company and/or has a significant ownership interest therein does not in itself make that person liable for its debts." *Charming Charlie, Inc. v. Perkins Rowe Assoc., LLC,* 11-2254, pp. 7-8 (La.App. 1 Cir. 7/10/12), 97 So.3d 595, 599.

To overcome the statutory liability limitation, plaintiff must present the court with sufficient evidence worthy of "piercing the corporate veil." *Peyton Place, Condominium Associations, Inc. v.* Guastella, 08-365, p. 25 (La.App. 5 Cir. 5/29/09), 18 So.3d

132, 149. Louisiana courts have admitted evidence of veil piercing activity upon the occurrence of one of two exceptional circumstances: (1) when the company is an alter ego of the members and has been used to defraud third parties or (2) when the members failed to conduct business on a "corporate footing" in a manner where the corporation is indistinguishable from its managers. *Id.* at 595. Louisiana courts consider the following factors to determine whether application of the alter ego doctrine is appropriate: (1) commingling of corporate and member funds; (2) failing to follow statutory formalities in incorporating and transacting corporate affairs; (3) undercapitalization; (4) failing to maintain separate bank accounts and bookkeeping records; and (5) failing to hold regular shareholder and director meetings. *Charming Charlie*, 97 So.3d at 598-99.

In opposition, plaintiff argues that Pinnacle Entertainment is not entitled to "the broad immunity it seeks." Rec. Doc. 27 at 4. However, plaintiff generally concludes that genuine issues of material fact exist as to whether Boomtown, LLC, Pinnacle MLS, LLC, and/or Louisiana-1 Gaming were acting as alter egos for Pinnacle Entertainment. *Id.* Further, he posits that more discovery, specifically corporate depositions, could resolve this claim. *Id.* at 4-5.

The record reflects little or no discovery work on alter ego issues by plaintiff since June 14, 2019.[1] Relevant Fifth Circuit guidance states "a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." *Washington v. Allstate Insurance Company,* 901 F.2d 1291, 1285 (5th Cir. 1990).

There is no explanation for the absence of discovery for over a year on alter ego issues. As an alternative to corporate depositions, less expensive discovery devices were available to pursue those issues, e.g., interrogatories, requests for production of documents. The general allegation that Boomtown, Pinnacle MLS, and Louisiana-1 Gaming were acting as alter egos for Pinnacle Entertainment lacks evidentiary basis. Summary judgment on that and related limited liability of the LLC is appropriate.

c. **Negligence Claim under the Louisiana Merchant Liability Statute**

The Merchant Liability Statute states that a "merchant owes a duty to persons who use [its] premises to exercise reasonable care to keep [its] aisles, passageways, and floors in a reasonably safe condition." *See* La. R.S. 9:2800.6; *See Lewis v. Jazz Casino*

---

[1] The deadline for discovery was originally set on February 4, 2020, but the discovery deadline was subsequently continued to March 23, 2021.

7

*Company, L.L.C.*, 2017-0935 (La. App. 4 Cir. 2/26/18) 245 So.3d 68, 73. Louisiana Revised Statute 9:2800.6 provides a cause of action to an individual who suffered an injury in a business because of an unsafe condition therein. *Id.* The statute provides:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

*Id.* Because there is no burden shifting framework in the statute, the claimant must make a "positive showing" of each element therein to prevail in a merchant liability claim. *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So.2d 1081, 1985; *accord Williamson v. Wal-Mart Stores, Inc.*, 48,576 (La. App. 2 Cir. 1/8/14), 130 So.3d 478, 482 ("failure to prove any of the requirements enumerated in La. R.S. § 9:2800.6 will prove fatal to the plaintiff's case.").

Defendants argue that the plaintiff lacks evidence to support *any* element of his claim, but the most pertinent element in this matter is whether the defendants "either created or had actual or constructive notice of the condition." §9.2800.6(B)(2). According to the statutory definition, constructive notice means "the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." §9.2800.6(C)(1). The Louisiana Supreme Court established a two-fold inquiry for the temporal element: (1) that the condition existed for some time period before the fall and (2) that this period of time sufficiently placed the merchant on notice of the condition. *White*, 669 So.2d at 1082, 1084-85 (emphasizing that there is no bright line time period to establish constructive notice). Furthermore, the court indicated, "a claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *Id.*

In *White,* the plaintiff, who slipped and fell on a clear liquid inside the defendant's store, claimed the defendant's employee had actual or constructive knowledge of the wet area because she was located fifteen feet away when she observed the fall. *Id.* at 1082. The employee testified that the zone where she was stationed included a service desk that impeded her view of the

9

aisle's condition. *Id.* at 1083. "[T]o find constructive notice based upon such without any positive showing of how long the spill was in existence or if it could be seen from [the employee's] zone is error." *Id.* at 1086.

The Fifth Circuit applied this reasoning to the facts in *Duncan*, where the plaintiff admitted that she lacked evidence "to explain how the water came to be under the mat [ ]or how long it had been there before her fall." *Duncan v. Wal-Mart Louisiana, L.L.C.*, 863 F.3d 406, 410 (5th Cir. 2017); *see Perez v. Winn-Dixie Montgomery LLC*, 18-2660, 2019 WL 1367526 (E.D.La. 3/26/2019) (Milazzo, J.) (relying on *Duncan* to grant summary judgment because the plaintiff provided no evidence that the defendant created the condition that caused her slip and fall); *see also Gordon v. Dolgencorp, LLC*, 16-15279, 2017 WL 3721530 (E.D.La. 8/29/2017) (Vance, J.) (citing to *Duncan* to grant summary judgment in favor of the defendant) (". . .plaintiff here fails to provide any evidence of constructive notice apart from her contention that it was raining outside and that the store cashier should have known that the mat was wet."). As a result of the plaintiff's inability to make a positive showing of the defendant's creation or notice of the condition, she could not maintain her merchant liability claim. *Id.*

The Louisiana Fifth Circuit Court of Appeals recently reviewed a trial court decision granting summary judgment in favor

of the defendant in a slip and fall merchant liability claim. *Bryant v. Ray Brandt Dodge, Inc.*, 19-464 (La. App. 5 Cir. 3/17/20), 292 So.3d 190. The plaintiff based her opposition on her own deposition wherein she alleged that the employee may have gotten water on the floor when she used the bathroom sink. *Id.* at 198. The court affirmed the lower court's decision, in part, because the plaintiff provided nothing more than a "mere speculation" about the source of the water that caused her fall. *Id.*

The deposition of Robert Decorte, who worked in security on the date of the incident, and a video recording of the incident is revealing material evidence. When asked to describe the incident, Decorte stated he saw the plaintiff walk into the casino and shake water off his hat and onto the floor. Rec. Doc. 25-5 at 25-26.[2] Additional material evidence comes from plaintiff's deposition, where he admitted he could not identify the substance on the floor that caused him to slip:

> Q: When you got on the floor mat did you wipe your feet to make sure they were dry?
> A: No, sir.
> Q: Do you know what you slipped on?
> A: No, sir. Just my feet and the floor.

Rec. Doc. 25-4 at 27.

---

[2] "Q: Can you describe the incident in your own words?
A: Okay. When I see somebody walking through the door, I greet them good morning. The gentleman walked in and he shook his hat, like this (indicating) to get the water of it and when he shoo[k] his hat, the water went on the floor just past the rugs and when he stepped on to the floor is when he slipped."

Plaintiff urges application of the *res ispa loquitur* doctrine. *Id.* at 5. To support this proposition, he cites to the *Gonzales* case, wherein the Louisiana Supreme Court applied the doctrine to a slip and fall case. *See Gonzales v. Winn-Dixie Louisiana, Inc.*, 326 So.2d 486 (La. 1976) (Summers, J., dissenting) ("[*Res ispa loquitur*] applies in any negligence action when the circumstances suggest the defendant's negligence as the most plausible explanation for the injury."). The court found that application of the doctrine was appropriate because the plaintiff's injuries would not have occurred had there been a morning inspection to remedy the oil spill. *Id.* at 489. Notably, Justice Summers determined in his dissent that the plaintiff did not meet her burden as there was no evidence indicating how long the oil was on the floor before the incident or how it got there. *Id.* at 490. He stated, "the mere presence of the olive oil on the floor, without more, should not be enough to cast upon the defendant the burden of showing how it got there, so long as it exercised reasonable care to keep the premises in a safe condition." *Id.*

Plaintiff offers his own deposition testimony to shed light on the alleged fact issues but offers the same statements on which the defendants rely – that he could not identify what he slipped on but that it covered his feet and the floor. Rec. Doc. 27 at 8. He also suggests that Decorte and Adams' depositions directly

contradict each other because Adams testified that he did not see any water on the floor after Decorte notified him of the incident. *Id.* Plaintiff disputes the proposition in Decorte's testimony that plaintiff created the hazard himself when he flung water off his hat. *Id.*

As the non-movant, plaintiff urges accepting his deposition testimony as true with all inferences viewed in the light most favorable to him. We should not however overlook the fact that plaintiff has made no attempt to satisfy his burden. Plaintiff specifically neglects to offer any positive evidence indicating how long the condition existed before his fall as consistently required by caselaw. *See White*, 669 So.2d at 1084*; see also Duncan*, 863 F.3d at 409. He points to Decorte's admitted knowledge of the weather, that several patrons entered the casino beforehand, and that no "wet floor" markers were posted before the incident. Rec. Doc. 27 at 10. In doing so, he suggests that the employees either likely created the hazard or knew it existed because of a likelihood that visiting patrons tracked in rainwater and no "wet floor" sign was posted to signal a *potential* hazard.[3] Rec. Doc. 27 at 10. However, just as the *Bryant* Court held, this argument alone represents a mere conclusory allegation insufficient to overcome

---

[3] This Court should note that Decorte testified to have periodically inspected the area for rainwater prior to the incident and did not see any water on the floor until Jones entered the casino. Rec. Doc. 25-5 at 24. This would effectively invalidate Plaintiff's argument that the defendants failed to exercise reasonable care. Rec. Doc. 27 at 10.

summary judgment. *Bryant*, 292 So.2d at 198; *See White*, 669 So.2d at 1086 ("Even entirely discounting [the employee's] testimony, we are left with no positive evidence that the spill or the floor was visible from [his] zone. To speculate that the trial court found constructive notice based upon such is. . .error.").

Defendants do not carry the ultimate burden of proof at trial. They have adequately pointed to an absence of evidence to support key elements of plaintiff's claim. Plaintiff's failure to meet his burden has proven fatal to his merchant liability claim and warrants summary judgment on that claim and, for earlier reasons, on the limitation of liability defense.

New Orleans, Louisiana this 29th day of October 2020

_____
SENIOR UNITED STATES DISTRICT JUDGE